IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WINSTON HODGES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ILLINOIS BELL TELEPHONE )<br>COMPANY, d/b/a AT&T Illinois, )<br>)<br>Defendant. ) | Case No. 15 C 2711 |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On July 30, 2015, Plaintiff Winston Hodges ("Hodges") filed the present Amended Complaint alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL") based on Defendant Illinois Bell Telephone Company's ("Illinois Bell") alleged failure to pay overtime compensation for all hours worked in excess of 40 hours in a week. Before the Court is Illinois Bell's motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies Illinois Bell's motion.

## LEGAL STANDARDS

### I.  Motion to Dismiss – Rule 12(b)(6)

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule

8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Also, "although a plaintiff need not anticipate or overcome affirmative defenses such as those based on the statute of limitations, if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chicago,* 777 F.3d 885, 889 (7th Cir. 2015). Last, the Court "may take judicial notice of publicly available records of court proceedings." *Spaine v. Cmty. Contacts, Inc.,* 756 F.3d 542, 545 (7th Cir. 2014).

## II. Relation Back Doctrine – Rule 15(c)(1)

"Under Illinois law as under federal law, an amendment relates back when it arises out of the same transaction or occurrence set up in the original pleading." *Cleary v. Philip Morris Inc.,* 656 F.3d 511, 515 (7th Cir. 2011) (citation omitted). More specifically, an amendment relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed.R.Civ.P. 15(c)(1)(B); *see also Luevano v. Wal-Mart Stores, Inc.,* 722

F.3d 1014, 1022 (7th Cir. 2013). "[T]he purpose of relation back" is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 549-50, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010).

## BACKGROUND AND PROCEDURAL HISTORY

In his Amended Complaint, Hodges alleges that he is a cable splicer and worked as an hourly non-exempt employee for Illinois Bell and that Illinois Bell did not pay him overtime compensation for all hours worked in excess of 40 a week in violation of the FLSA and IMWL. (R. 8, Am. Compl. ¶¶ 1, 6, 20.) Hodges' allegations include (1) a claim based on his reviewing assignments, getting supplies, preparing his truck, and meeting with supervisors before his shift started, (2) a claim based on working through lunch break, and (3) a claim based on working after his shift had ended in order to enter his time, clean out his truck, and order supplies. (*Id*. ¶¶ 21-24, 29-30, 38-30.)

**I.     Blakes Action**

To give context to Hodges' FLSA and IMWL allegations, the Court turns to the procedural history of this lawsuit because Hodges was originally an opt-in plaintiff in the FLSA collective action in *Blakes v. Ill. Bell Tel. Co.*, Case No. 11 C 0336 ("*Blakes* Action") pending before Magistrate Judge Kim. After the parties consented to Judge Kim's jurisdiction under 28 U.S.C. § 636(c), on June 15, 2011, Judge Kim conditionally certified a proposed class of similarly situated cable splicers. Specifically, Judge Kim determined that the named plaintiffs had made the "modest showing" for pre-conditional certification of the following overtime

claims: (1) Illinois Bell's policy that required cable splicers to maintain the security of their job sites routinely interfered with their lunch breaks; (2) cable splicers missed their lunch breaks because of traveling from job site to job site; and (3) Illinois Bell's policies forced cable splicers to work past the end of their shifts in order to complete their time sheets. (11 C 0336, R. 56, 6/15/11, Mem. Op, & Order, at 5-8.) After Judge Kim's conditional certification, the named plaintiffs issued notice of the *Blakes* Action to approximately 2,000 potential opt-in plaintiffs, and on August 15, 2011, Hodges filed a written consent and became part of the collective conditional class. (R. 86.)

After discovery, Illinois Bell filed a motion to decertify the collective action. On December 17, 2013, Judge Kim granted the motion in part. (R. 233, 12/17/13, Mem. Op. & Order.) More specifically, he decertified the class except for the claims based on Illinois Bell's policies forcing cable splicers to work past the end of their shifts in order to complete their time sheets. (*Id*. at 54-57.)

Once Judge Kim decertified the majority of the collective action, Illinois Bell moved for summary judgment. In ruling on that motion, Judge Kim addressed the named plaintiffs' attempt to amend their pleadings to include broader pre-shift and post-shift claims. Specifically, on December 10, 2014, Judge Kim concluded that the named plaintiffs waived those broader claims by failing to discuss them in their response briefs and motion for leave to file a second amended complaint, and that allowing constructive amendment at summary judgment would prejudice Illinois Bell given that the parties had not completed discovery on these issues. (R. 355, 12/10/14, Mem. Op. & Order, at 19-20.) The Court presumes familiarity with Judge Kim's December 2013 and December 2014 rulings.

## II.     Hodges Lawsuit

After the decertification decision took effect in the *Blakes* Action, counsel for the opt-in *Blakes* plaintiffs, including Hodges, filed a lawsuit on February 28, 2014 (the "2014 Action"). The amended complaint in the 2014 Action alleged that the plaintiffs were "seeking to assert those claims that were not certified to go forward on a collective basis in" the *Blakes* Action. (14 C 1456, R. 8, Am. Compl. ¶ 3.) In that lawsuit, *Adkins v. Ill. Bell. Tel., Co.,* Case No. 14 C 1456, Chief Judge Castillo granted Illinois Bell's motion to dismiss for misjoinder and severed the individual opt-in plaintiffs' claims on March 24, 2015. (14 C 1456, R. 146, 147.) Chief Judge Castillo gave the opt-in plaintiffs until July 30, 2015 to file separate complaints containing only their individual claims. Hodges filed the present lawsuit after Chief Judge Castillo's March 2015 ruling. The Court presumes familiarity with that order.

## ANALYSIS

In its motion to dismiss, Illinois Bell argues that the FLSA's and IMWL's limitations periods bar Hodges from bringing his pre-shift, lunch break, and post-shift claims that are broader than the claims initially certified in the *Blakes* Action. The FLSA has a two-year limitations period (three years where the violation is willful), *see* 29 U.S.C. § 255(a), and the IMWL has a three-year limitations period. *See* 820 ILCS 105/12. Also, in the case of a collective action, 29 U.S.C. § 256(b) provides that an action for opt-ins commences when the individual files his written consent in the court in which the action is brought.

## I.     Blakes Action Tolled Statute of Limitations

Illinois Bell argues that absent tolling, Hodges' broader pre-February 28, 2011 claims are barred by the limitations periods based on the assumption that the filing date of the lawsuit

5

before Chief Judge Castillo, namely, February 28, 2014, is the relevant date for limitations purposes. Illinois Bell's initial argument does not reconcile its tolling arguments with Federal Rule of Civil Procedure 15(c)(1)(B)'s relation back doctrine or with the undisputed fact that Hodges was a member of the collective *Blakes* Action prior to filing his lawsuit in front of Chief Judge Castillo. When addressing Rule 15(c)(1)(B), Illinois Bell argues that the present lawsuit was not severed from *Blakes*, and thus the relation back doctrine does not apply because the *Blakes* Action and the present action are separate lawsuits. In support of this argument, Illinois Bell cites to this Court's decision in *Spann v. Cmty. Bank of N. Virginia,* No. 03 C 7022, 2004 WL 691785, at *7 (N.D. Ill. Mar. 30, 2004), in which the Court considered the relation back doctrine in the context of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA") and the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA"). In *Spann*, the plaintiffs argued that their lawsuit related back to a consolidated class action lawsuit in the Western District of Pennsylvania, *Davis v. Community Bank of No. Virigina,* Case No. 2:02-CV-01201-AJS, in which it appeared that the plaintiffs were putative class members. *See id*. at *5. The Court rejected the plaintiffs' relation back argument because they brought it for the first time in sur-reply. *See id.* at *7. In the alternative, the Court stated that "[e]ven if considered on the merits, Plaintiffs' argument fails. The relation back doctrine of Federal Rule of Civil Procedure 15(c) does not apply to claims that are pending in separate cases." *Id.*

Illinois Bell's reliance on *Spann* is misplaced because the present lawsuit is not a separate lawsuit, but is part of the *Blakes* Action.[1] To clarify, "[t]he statute of limitations for a

---

[1] Also misplaced are Illinois Bell's arguments based on the Rule 23 class action tolling doctrine established in *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), and *Crown Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 103 S.Ct.

6

plaintiff in a collective action is tolled after the plaintiff has filed a consent to opt in to the collective action, and begins to run again if the court later decertifies the collective action." *Butler v. DirectSAT USA, LLC,* 55 F. Supp. 3d 793, 801 (D. Md. 2014) (quoting *Green v. Harbor Freight Tools USA, Inc.,* 888 F. Supp. 2d 1088, 1105 (D. Kan. 2012) (citing 29 U.S.C. § 216(b)). Here, Hodges filed his opt-in consent on August 15, 2011, and although Judge Kim's decertification decision is dated December 17, 2013, it took effect on February 28, 2014 based on Judge Kim's order granting plaintiffs' motion to toll the statute of limitations. (11 C 0336, R. 239.) On February 28, 2014, the opt-in plaintiffs timely filed their action before Chief Judge Castillo. (14 C 1456, R. 1.) In his order granting Illinois Bell's misjoinder motion, Chief Judge Castillo afforded the severed plaintiffs 120 days to file separate amended complaints as to their claims. (R. 147, at 23.) Hodges filed the present lawsuit on July 30, 2015. Because this is the same lawsuit stemming from the *Blakes* Action, the Court turns to the relation back doctrine under Rule 15(c)(1)(B).

**II.     Hodges' Amended Complaint Relates Back to Blakes Action**

The allegations in the *Blakes* Action, as discussed by Judge Kim in his thorough December 2013 Memorandum Opinion and Order granting in part Illinois Bell's motion to decertify the conditional class, are as follows.

> The named plaintiffs filed their amended complaint in February 2011, claiming that Illinois Bell violates the FLSA by requiring cable splicers to include a half-hour lunch break on their time sheets whether or not they actually take a break, unless they receive a supervisor's preapproval to work through lunch. (R. 11, Am. Compl.¶¶ 17-18.) They further alleged that management routinely disciplines cable splicers for seeking overtime compensation for hours that were not pre-approved, and as a result, cable splicers regularly underreport the hours

---

2392, 76 L.Ed.2d 628 (1983). *See Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008).

they work. (*Id.* ¶¶ 19–20.) In describing the policies that require them to work through lunch, the named plaintiffs alleged that they are required to maintain the security of job sites and travel between job sites even during their lunch hours. (*Id.* ¶ 26.) They also alleged that because of restrictions governing when they can return to their garage at the end of a shift, and because of an alleged shortage of garage computers, they often have to work beyond their scheduled shift to enter their time on Illinois Bell's computer system. (*Id.* ¶¶ 27-30.) As relief for these alleged overtime violations, the named plaintiffs sought a declaratory judgment stating that Illinois Bell's actions are unlawful, as well as damages on behalf of all similarly situated people who opt into the action. (*Id.* ¶ 50.)

*Blakes v. Illinois Bell Tel. Co.,* No. 11 CV 336, 2013 WL 6662831, at *1 (N.D. Ill. Dec. 17, 2013).

The Court would be hard-pressed to conclude that Hodges' present FLSA claim does not arise out of the same conduct, transaction, or occurrence set out – or attempted to be set out – in the *Blakes* lawsuit or that Illinois Bell did not have notice of Hodges' claims. *See* Fed.R.Civ.P. 15(c)(1)(B). In particular, Hodges alleges that he starts and finishes his workday at an assigned garage, where he picks up and returns assignments, resources, tools and equipment, and trucks. More specifically, Hodges asserts that at the start of his day, before leaving the garages for job sites, cable splicers are expected to participate in a tailgate meeting, discuss jobs with supervisors, review the blueprints for their job assignments, stock their trucks, get all the materials needed for the job, and perform other work related activities on Illinois Bell premises. He explains that often there is not enough time to complete the required start of shift activities prior to the time he is expected to depart for his job sites. As such, Hodges maintains that these tasks are therefore often performed "off the clock," before the start of shift and while under the supervision of Illinois Bell supervisors. Also, Hodges alleges that cable splicers are expected to work through their lunch to meet efficiency standards, yet are not paid for their lunch breaks. In addition, he contends that Illinois Bell has a uniform policy requiring cable splicers not to return

8

to their garage more than 20 minutes before the end of the shift, yet expect cable splicers to complete numerous activities, including recording task time, cleaning and restocking their trucks, and ordering supplies. Hodges alleges that because the time remaining after the cable splicers return to the garage at the end of shift is often not enough, and these tasks are then completed "off the clock," after their shift ends.

Illinois Bell's attempt to parse out each of the allegations into pre-shift, lunch break, and post-shift overtime is unavailing because Rule 15 does not require that a claim be based on an identical theory of recovery, but instead it need only be based on the same conduct, transaction, or occurrence. *See Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008); *Bularz v. Prudential Ins. Co.,* 93 F.3d 372, 379 (7th Cir. 1996). In particular, Illinois Bell's argument that Judge Kim's December 2014 Memorandum Opinion and Order narrowed the opt-in plaintiffs' claims regarding the broader pre-shift, lunch break, and post-shift claims is of no moment because Judge Kim had decertified the opt-in plaintiffs approximately a year before he ruled that the named plaintiffs in *Blakes* could not amend their allegations at summary judgment. In short, the opt-in plaintiffs did not waive these claims because they were no longer part of the underlying *Blakes* Action. To conclude otherwise would go against the nature of the relation back doctrine that "has its roots in the equitable notion that dispositive decisions should be based on the merits rather than technicalities." *Luevano,* 722 F.3d at 1022 (quoting *Woods v. Indiana Univ. – Purdue Univ. at Indianapolis,* 996 F.2d 880, 884 (7th Cir. 1993)).

On a final note, Chief Judge Castillo discussed limitations periods in the context of severed claims in his March 2015 ruling when his explained that the remedy for misjoinder is severance and not dismissal because district courts are "duty bound" to prevent misjoinder from

9

"lead[ing] to a dismissal with statute of limitation consequences[.]" *Adkins v. Illinois Bell Tel. Co.,* No. 14 C 1456, 2015 WL 1508496, at *10 (N.D. Ill. Mar. 24, 2015) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)). Indeed, the Seventh Circuit teaches that "in formulating a remedy for a misjoinder the judge is required to avoid gratuitous harm to the parties, including the misjoined party." *Elmore*, 227 F.3d at 1012.

Because Hodges' present Amended Complaint relates back to the *Blakes* lawsuit in which Hodges filed a written consent on August 15, 2011, all of Hodges' claims are timely. The Court therefore denies Illinois Bell's motion to dismiss.

## CONCLUSION

For these reasons, the Court denies Defendant's Rule 12(b)(6) motion to dismiss. [16]

**Dated:** October 21, 2015

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**